## Borough of Shenandoah, Plff., in Err., v. William T. Erdman.

A refusal to enter a compulsory nonsuit is not assignable for error.

Where horses attached to a wagon and left unhitched in a borough street
after dark start to run away, and the owner, a comparative stranger in the
borough, running along the sidewalk to catch them, steps into a depression
in the sidewalk, unknown to him but known to the borough authorities,
and breaks his leg, it is for the jury, in an action against the borough for
damages for the injury, to say whether the plaintiff exercised reasonable
care under the circumstances, or was guilty of contributory negligence.

It is not negligence *per se* to run along a sidewalk in the dark.

(Argued February 15, 1888.  Decided February 27, 1888.)

January Term, 1888, No. 41, E. D., before GORDON, Ch. J.,
PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error
to the Common Pleas of Schuylkill County to review a judgment
on a verdict for the plaintiff in an action of trespass on the case.
Affirmed.

At the trial before GREEN, J., it appeared that the plaintiff
below, a huckster dealing in country produce, left his wagon
and horses unhitched in Coal street in the borough of Shenan-
doah after dark on December 8, 1884, while he went into the

store of a customer to deliver eggs; and upon the horses starting to "walk off" Erdman went after them, ran along the sidewalk for about 25 yards, when he stepped down a distance of about a foot to a lower level in the sidewalk (of which the borough authorities had been repeatedly notified, but of which, being a comparative stranger in the borough, plaintiff had no knowledge), and fell and broke his leg.

This action was brought to recover damages from the borough for the injury, and was tried before GREEN, J., and a jury, resulting in a verdict for plaintiff for $1,500.

The assignments of error specified: (1) Refusal of the court to direct a nonsuit; and (2) refusal to direct a verdict for defendant.

*S. G. M. Hollopeter* and *J. H. Pomeroy,* for plaintiff in error. —It is essential to liability that the plaintiff should have been using reasonable or ordinary care to avoid the accident; or in other words, he must be free from any such fault or neglect on his part as will in actions for negligence defeat recovery. 2 Dill. Mun. Corp. § 789.

It is true that this court has frequently held that when the measure of duty is ordinary and reasonable care, and the standard of the degree of care shifts with circumstances, the question of negligence is one for the jury; yet the court has recognized a line in such cases beyond which the question of the negligence of the plaintiff will be passed upon by the court as a matter of law. Central R. Co. v. Feller, 84 Pa. 226; Lehigh Valley R. Co. v. Greiner, 113 Pa. 600, 6 Atl. 246.

When there is such an obvious disregard of duty and safety as amounts to misconduct, the court may declare it to be negligence as a matter of law. West Chester & P. R. Co. v. McElwee, 67 Pa. 315.

The facts here were not controverted. It was for the court to determine as to negligence. Catawissa R. Co. v. Armstrong, 52 Pa. 286; Pittsburg & C. R. Co. v. McClurg, 56 Pa. 297.

It was misconduct and recklessness for Erdman to run on a public street after dark.

*Philip Keller* and *M. M. L'Velle,* for defendant in error.— Erdman had every reason to expect and believe that Coal street, one of the principal streets in the borough, was fit, safe, and secure for travelers. His act at this time was one of haste and

emergency in his effort to head off his team already started; and his fall on the sidewalk could not be foreseen by him, neither could it be anticipated, because he was entirely ignorant of the danger inevitably encountered. Smith, Neg. 237; Wilson v. Northern P. R. Co. 26 Minn. 278, 37 Am. Rep. 410, 3 N. W. 333; Cuyler v. Decker, 20 Hun, 173.

The borough authorities are legally bound to keep the public streets and sidewalks in a safe and secure condition for travelers, provided, of course, ordinary care is exercised. Altoona v. Lotz, 114 Pa. 246, 60 Am. Rep. 346, 7 Atl. 240.

It was a question for the jury under all the evidence whether Erdman was guilty of contributory negligence. Mallory v. Griffey, 85 Pa. 275; Pennsylvania R. Co. v. White, 88 Pa. 329; Pennsylvania R. Co. v. Werner, 89 Pa. 59; Easton v. Neff, 102 Pa. 474, 48 Am. Rep. 213.

Where there is affirmative and uncontradicted evidence of contributory negligence, if believed by the jury, the verdict under the direction of the court should be for defendant (Reading & C. R. Co. v. Ritchie, 102 Pa. 425); or where the facts are undisputed, and the contributory negligence so manifest that any other theory would be unreasonable. Erie City v. Schwingle, 22 Pa. 384, 60 Am. Dec. 87; Pennsylvania R. Co. v. Ogier, 35 Pa. 60, 78 Am. Dec. 322; Catawissa R. Co. v. Armstrong, 52 Pa. 282; Pennsylvania R. Co. v. McTighe, 46 Pa. 316.

Carelessness, however, is not prima facie to be presumed. Where a person suffers injury by night the carelessness must be of a very gross character. Beatty v. Gilmore, 16 Pa. 467, 55 Am. Dec. 514.

The refusal of the court to enter a compulsory nonsuit is not assignable for error. Easton v. Neff, 102 Pa. 474, 476, 48 Am. Rep. 213; Lehman v. Kellerman, 65 Pa. 489; Ballentine v. White, 77 Pa. 20; Burkholder v. Stahl, 58 Pa. 371.

The case of the West Chester & P. R. Co. v. McElwee, 67 Pa. 315, sustains the defendant in error, it being in evidence that two days after the injury to Erdman, the sidewalk was repaired, and also as laying down the rule of law that what is negligence is always a question for the jury. "When the measure of duty is ordinary and reasonable care, when the standard of the degree of care shifts with circumstances," it is always for the jury.

The burden of proving absence of contributory negligence does not rest upon Erdman. If he can make out his case without

showing due want of care on his part under the circumstances, the burden of proving contributory negligence is on the defendant.   Kingston v. Gibbons, 3 Sad Rep. 399.

OPINION BY MR. JUSTICE STERRETT:

The first specification of error was intended to present a question neither novel nor, if properly before us, difficult of solution. Not novel, because it has been repeatedly declared that refusal to enter a compulsory nonsuit is not assignable for error, and not difficult because the motion to nonsuit was wholly unwarranted by any evidence in the case.

The only remaining specification, complaining of the learned judge's refusal to direct a verdict in favor of defendant below, cannot be sustained, for the reason that the evidence adduced by plaintiff not only justified but demanded a verdict in his favor, unless the jury were satisfied that he was guilty of negligence which contributed to the injury complained of.   A case of gross negligence on the part of the borough authorities was so clearly and conclusively shown that scarcely any attempt was made to controvert the fact.   It was shown that the dangerous condition of the sidewalk, at the point where plaintiff below was injured, had been repeatedly brought to their notice, and no effort was ever made to put it in a safe condition.   As the learned judge remarked in his charge, there was practically no conflict of testimony as to these facts.   The only semblance of defense insisted on was the alleged contributory negligence of plaintiff himself.   That, under all the evidence, was a question of fact for the jury, and not one of law for the court.   It was fairly submitted to them in a clear and carefully guarded charge to which neither party excepted.   They were told that if plaintiff himself did not exercise reasonable and proper care in moving along the sidewalk, he could not recover, notwithstanding the negligence of the borough authorities, and in same connection, the learned judge fully explained what is meant by reasonable care.

No exception was taken to the admission or rejection of evidence.   The record presents a case which, upon all the evidence before them, was manifestly for the consideration and determination of the jury under the instructions given them by the court.

Judgment affirmed.